IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:22-CR-713 |
| Plaintiff, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| PATRICK O'MEARA, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is Defendant Patrick O'Meara's ("Defendant") Motion for Exculpatory and Mitigatory Evidence filed on January 4, 2023 ("Defendant's Motion"). (Doc No. 13.) On January 11, 2023, the United States of America filed the Government's Response in Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 16.) Although given the opportunity to do so by January 18, 2023, Defendant did not file a Reply in support of Defendant's Motion. Accordingly, Defendant's Motion is ripe for a decision.

,In Defendant's Motion, Defendant asks this Court to order the Government to provide to his attorney "any exculpatory or mitigatory material, in the possession of the United States Attorney's Office and/or its agents, for examination, transcription copying or duplication", to specifically include copies of all statements of any witnesses, including state or federal investigating officers, memoranda, notes, statements and/or reports relating to scientific investigations or tests and any photographic, electronic or physical evidence, and any videotapes, statements, court records, admissions, photographs and/or audio tapes pertaining to the defendant which constitute exculpatory or mitigatory material relative to guilt or punishment (Doc. No. 13, PageID # 29.).

In the Government's Response the Government correctly recognizes and opposes the overbreadth of Defendant's request, because it includes "the names and persons the prosecutor does not plan to call as witnesses," "any and all arrangements for immunity, pleas to lesser charges, promises not to prosecute or any other 'deals' entered into, between or on behalf of the government and any witnesses or their family, friends or associates," and "criminal records of any and all witnesses to be called by the prosecution." (Doc. No. 13, PageID #s 34-36.) Indeed, the Government correctly cites Sixth Circuit and Supreme Court precedent for its propositions that: prior to trial or pretrial, the Government is not required to disclose copies of statements by any witnesses along with notes, statements and records pursuant to the Jencks Act,[1] the identification of its witnesses;[2] and disclosure of plea agreements or other inducements regarding witnesses.[3] (Doc. No. 16, PageID # 52.) Indeed, as correctly asserted by the Government, where the requested information goes to the credibility of a witness, it need be disclosed only in time for use at trial.[4] (*Id.*) The Government represents that it is mindful of its obligations to disclose impeachment information in time for Defendant to use it on cross-examination at trial and will comply in due course. (*Id.*)

Also, the Government argues that Defendant's Motion should be denied because *Brady v. Maryland*, 373 U.S. 83 (1963) does not apply to delayed disclosure, but only to a complete failure to disclose,[5] the Government has already provided Defendant with reports, statements, warrants, video

---

[1] *United States v. Wiggins*, 784 Fed Appx. 919, 925 (6th Circ. 2019) quoting *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988).
[2] *Weatherford v. Bursey*, 429 U.S 545, 559 (1977); *United States v. Dark*, 597 W.2d 1097, 1099 (6th Cir. 1979).
[3] *Giglio v. United States*, 405 U.S. 150 (1972)
[4] *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988)
[5] *United States v. Spry*, 238 Fed. Appx. 142, 148 (6th Cir. 2007)

and laboratory reports in responses to his discovery request, and at his arraignment the Court already ordered the Government to comply with *Brady v. Maryland*. (*Id.*, PageID # 54.)

Having considered the arguments of counsel, the Court finds the Government's Response well-taken, and therefore, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date:  January 24, 2022

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE