**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

**Patrick O'Meara,**

**Defendant-Petitioner,**

**-vs-**

**United States of America,**

**Plaintiff-Respondent.**

**Case No. 4:22cr713**
**4:25cv212**

**JUDGE PAMELA A. BARKER**

**MEMORANDUM OPINION & ORDER (REDACTED)**

This matter is before the Court on Defendant-Petitioner Patrick O'Meara's ("O'Meara") *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed on February 4, 2025. (Doc. No. 61.) Plaintiff-Respondent United States of America (hereinafter "the Government") filed a Brief in Opposition on April 7, 2025. (Doc. No. 63.) Upon motion, the Court appointed counsel for O'Meara on May 9, 2025 and directed newly appointed counsel to file a Supplement in support of O'Meara's *pro se* Motion to Vacate by no later than June 10, 2025. After receiving an extension of time, O'Meara (through counsel) filed a Supplement on June 24, 2025. (Doc. No. 67.) The Government filed a Response on July 30, 2025. (Doc. Nos. 71, 72.) The Court thereafter conducted a hearing on the Motion on August 28, 2026, at which O'Meara and his former counsel, Attorney Justin Weatherly, testified.

For the following reasons, O'Meara's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 61) is GRANTED.

## I. Background

### A. O'Meara is Charged in a Criminal Complaint

On November 18, 2022, Sergeant Brian M. McGill of the Ohio State Highway Patrol ("OSHP") initiated a traffic stop of O'Meara's vehicle after observing that it was following another car too closely.[1] (Doc. No. 1-1 at PageID#s 5-6.) Once the vehicle was stopped, Sergeant McGill observed O'Meara engage in suspicious behavior, i.e., signs of increased nervousness. (*Id.*) Sergeant McGill requested that a Trumbull County Sheriff's Office ("TCSO") drug detecting canine respond to the scene. (*Id.*) Two TCSO officers responded and deployed their canine partner around the exterior of O'Meara's vehicle. (*Id.*) The canine alerted to the presence of narcotics. (*Id.*) The officers then conducted a probable cause search of O'Meara's vehicle, during which they recovered four kilograms of suspected cocaine inside a brown duffel bag in the vehicle's trunk. (*Id.*) One of the kilos of suspected cocaine was field tested, yielding a positive result of cocaine. (*Id.*)

On November 21, 2022, a Magistrate Judge signed a criminal complaint charging O'Meara with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c). (Doc. No. 1.) That same day, O'Meara (represented by Attorney Brandon Henderson) had his initial appearance before the Magistrate Judge. O'Meara waived a preliminary hearing and the Government moved for detention. O'Meara later waived his right to a detention hearing. (Doc. No. 9.)

Agents from the Drug Enforcement Administration ("DEA") subsequently obtained and executed search warrants for several locations associated with O'Meara, which led to the seizure of

[1] In October 2022, Drug Enforcement Administration ("DEA") agents began conducting surveillance of O'Meara. (Doc. No. 50 at PageID# 462.) On November 18, 2022, Sergeant McGill received a call from an unidentified DEA agent, during which the agent gave Sergeant McGill O'Meara's name and described what he looked like, told Sgt. McGill that O'Meara was driving a white Chevy Impala, and notified Sgt. McGill that O'Meara had in his car a brown bag possibly containing cocaine. (Doc. No. 30 at PageID# 324.)

over $81,000 in cash, several weapons, and additional kilograms of cocaine. (Doc. No. 35 at PageID#s 349-350.)

**B. Relevant Pretrial Proceedings**

On December 15, 2022, O'Meara was indicted on the following three counts: (1) Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), with two enhanced penalty provisions for a prior serious felony drug conviction under 21 U.S.C. § 841(b)(1)(A) (Count 1); (2) Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count 2); and (3) Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 3). (Doc. No. 10.) On December 20, 2022, O'Meara appeared at his arraignment where he was represented by retained counsel, Attorney Justin Weatherly. (Non-Doc. Entry dated Dec. 20, 2022.) O'Meara pled not guilty to all charges. (*Id.*)

On February 17, 2023, O'Meara (through Attorney Weatherly) filed a Motion to Suppress. (Doc. No. 19.) Therein, O'Meara sought to suppress the cocaine found in his vehicle as well as the cocaine and firearms later seized from his house and two storage units. (*Id.*) O'Meara requested an evidentiary hearing on his Motion. (*Id.*) On March 14, 2023, the Government filed an Opposition, to which O'Meara replied on March 21, 2023. (Doc. Nos. 23, 24.)

On May 17, 2023, the Court held an evidentiary hearing on O'Meara's Motion. Sergeant McGill and DEA Special Agent Stephen Chokshi ("SA Chokshi") testified at the hearing. (Doc. No. 26.) Additionally, the Court admitted into evidence Sgt. McGill's body camera footage, video footage of the right rear seat of Sgt. McGill's patrol vehicle, and various law enforcement reports. (Doc. No. 30.) In lieu of closing arguments, the parties agreed to submit supplemental briefs by June

16, 2023. (*Id*. at PageID# 324.) On June 16, 2023, O'Meara filed a Supplement to his Motion and the Government filed a Supplement to its Response. (Doc. Nos. 28, 29.)

On June 28, 2023, the Court issued a Memorandum Opinion & Order denying O'Meara's Motion to Suppress. (Doc. No. 30.)

### C. O'Meara Changes his Plea

Following the denial of the Motion to Suppress, Attorney Weatherly conferred with O'Meara about his legal options. (Doc. No. 67-1 at PageID# 617.) According to an Affidavit submitted by Attorney Weatherly in support of O'Meara's Motion to Vacate, "Mr. O'Meara was insistent that he wanted to appeal the denial of the motion to suppress." (*Id*.) Likewise, during the August 28, 2026 hearing, Attorney Weatherly confirmed that, at this time, O'Meara's "number one desire" was to be able to appeal the denial of his suppression motion.

On June 30, 2023, Attorney Weatherly sent an email to counsel for the Government, Assistant United States Attorney ("AUSA") Elizabeth Crook, about resolving the case by plea agreement. (Doc. No. 67-2.) In that email, Attorney Weatherly stated (in relevant part):

> I can't imagine O'Meara would be interested in a proffer so I think we are looking at a plea. Feel free to send over your best offer and I'll run it out to him at NEOCC for approval. **Please make sure you include the fact that he is not waving his right to appeal the judge's denial of the motion to suppress**. Hope to hear from you soon.

(*Id*.) (emphasis added). Attorney Weatherly and AUSA Crook thereafter spoke on the telephone and exchanged several emails regarding the possibility of a plea and O'Meara's potential sentence. On August 2, 2023, Attorney Weatherly sent an email to AUSA Crook, in which he represented as follows:

> I spoke with O'Meara last week. I told him his likely sentence from [Judge] Barker would be 15 years minimum mandatory and that would not include whatever sentence

> Judge Polster gave him for his PRC violation.[2] [redacted]
>
> [redacted] He also said he would only be willing to give up his right to appeal if we could fashion a total sentence (this case and the PRC violation) that totaled out at around 10 years. [redacted]
>
> Unless you think you can swing something like that it appears we are headed towards an open plea. Let me know what you can do. If I am right and you can't get anywhere near the 10 years I will file a notice of intent to plea so we can schedule a hearing. Let me know. Thanks.

[redacted]

[redacted] Lastly, AUSA Crook wrote as follows:

> I also think he won't be able to appeal the suppression issue if he pleads open. Let me know if he ultimately decides to plead open, otherwise I need to work on getting out documents for you for the trial date on the 28th.

---

[2] At this time, O'Meara had been arrested for a supervised release violation in a criminal matter pending before United States District Judge Dan Polster. *See United States v. O'Meara*, Case No. 5:21CR00887 (N.D. Ohio) (Polster, J.) (Doc. No. 15.) After O'Meara plead guilty in the instant action, the undersigned agreed to conduct the final hearing regarding Revocation of O'Meara's Supervised Release. (*Id.* at Doc. No. 18.)

(*Id.*)

Two days later, on August 4, 2023, O'Meara filed a Notice of Intent to enter a guilty plea without a plea agreement. (Doc. No. 34.) On August 17, 2023, the Court conducted a change of plea hearing, at which O'Meara was represented by Attorney Weatherly. (Doc. No. 50.) During the hearing, the undersigned engaged in a lengthy plea colloquy with O'Meara. (*Id.*) Among other things, the transcript reflects the following exchange between the Court and O'Meara:

> THE COURT: *** Mr. O'Meara, have you fully discussed these three charges to which you are expected to plead guilty with your counsel?
>
> DEFENDANT: Yes.
>
> THE COURT: Have you fully discussed the case in general with your counsel?
>
> DEFENDANT: Yes.
>
> THE COURT: Are you fully satisfied with the counsel, representation, and advice given to you in this matter by your counsel, Mr. Weatherly?
>
> DEFENDANT: Yes.
>
> ***
>
> THE COURT: And do you understand that if you plead guilty, it is a complete admission of guilt; and if I accept your plea, I will find you guilty without a trial?
>
> DEFENDANT: Yes.

(*Id.* at Tr. 5, 8.)

The Court proceeded to discuss with O'Meara, in detail, the terms of his Plea Advisement, which was signed by O'Meara, Attorney Weatherly, and AUSA Crook. (*Id.* at Tr. 8-23.) The Plea Advisement (Doc. No. 35) does not contain any provision indicating that O'Meara would retain the

right to appeal the denial of his suppression motion. Of relevance, the Court engaged in the following exchange with O'Meara regarding this Plea Advisement:

| | |
|---|---|
| THE COURT: | Did you sign [the Plea Advisement] after reading it and discussing it completely with your lawyer? |
| DEFENDANT: | Yes. |
| THE COURT: | And, sir, did you place your initials on the bottom of each of the ten pages of the plea advisement signifying that you read each page and discussed it with your lawyer and understood the information contained on each page? |
| DEFENDANT: | Yes. |
| THE COURT: | And, sir, do you understand all of the terms of the plea advisement? |
| DEFENDANT: | Yes. |
| THE COURT: | Do you believe that the written plea advisement represents in its entirety the agreement that you have with the government? |
| DEFENDANT: | Yes. |
| THE COURT: | And did anyone make any promise or assurance that is not set forth in the plea advisement to get you to or persuade you to accept it? |
| DEFENDANT: | No. |

(*Id*. at Tr. 8-9.) Satisfied that O'Meara's plea was both knowing and voluntary, the Court accepted O'Meara's guilty plea; found O'Meara guilty of all three charges in the Indictment; and signed the Plea Advisement. (*Id*. at Tr. 24-25; Doc. No. 35 at PageID# 351.)

**D. Sentencing Proceedings**

On November 29, 2023, the Court conducted O'Meara's sentencing hearing. (Doc. No. 55.) Of note, the Government recommended that the offense level be reduced by three levels pursuant to

United States Sentencing Guidelines Sections 3E1.1(a) and (b), in light of O'Meara's acceptance of responsibility. (*Id*. at PageID#s 518-519.) The Court agreed and reduced O'Meara's offense levels by three levels, making the total offense level a 33 for Count Group 1. (*Id*.) The Court then explained that "as to count group 1 with a total offense level of 33 and a Criminal History Category of III, the Guideline sentencing range is 180 to 210 months of imprisonment, a term of supervised release of 10 years on Count 1, 1 to 3 years on Count 2, and 5 years on Count 3." (*Id.* at PageID# 519.)

After considering the relevant factors under 18 U.S.C. § 3553(a) and hearing the arguments of counsel and a statement from O'Meara, the Court sentenced O'Meara to 180 months on Count 1 and 120 months on Counts 2 and 3, to be served concurrently, as well as supervised release for a term of 10 years upon release from imprisonment. (*Id*. at PageID# 536-537; Doc. No. 45.) There was no mention at any point during the sentencing hearing of O'Meara reserving the right to appeal the Court's denial of his Motion to Suppress.[3]

**E. Direct Appeal**

On December 7, 2023, O'Meara filed a Notice of Appeal to the Sixth Circuit. (Doc. No. 49.) Attorney Weatherly represented O'Meara throughout his appellate proceedings. *See United States v. O'Meara*, Case No. 23-3985 (6th Cir.) (docket).

In his Opening Brief, O'Meara argued that this Court erred by denying his Motion to Suppress evidence that was obtained after officers searched his vehicle, a house, and two storage units. (*Id*. at Doc. No. 8.) The Government responded by filing a Motion to Dismiss, in which it argued that

[3] In addition, on that same date, the undersigned conducted a Final Hearing regarding Revocation of O'Meara's Supervised Release in Judge Polster's case, i.e., Case No. 5:21CR00887. The Court found that O'Meara violated the conditions of his supervised release and sentenced him to a term of imprisonment of 30 months to run consecutive to the time imposed in the instant matter, with no supervision to follow in Judge Polster's case.

O'Meara waived his right to appeal the denial of his Motion to Suppress when he entered an unconditional guilty plea. (*Id.* at Doc. No. 9.) In response, Attorney Weatherly argued that O'Meara's appeal should not be dismissed because (1) he rendered ineffective assistance by advising O'Meara that he would retain the right to appeal the suppression issue if he pleaded guilty, and (2) O'Meara pleaded guilty in reliance on the erroneous advice.[4] (*Id.* at Doc. No. 11.)

On January 13, 2025, the Sixth Circuit granted the Government's Motion and dismissed O'Meara's appeal. (Doc. No. 60.) In relevant part, the Sixth Circuit held:

> A defendant who pleads guilty may not appeal the denial of a pre-plea suppression motion unless he preserved the right to do so by entering a conditional guilty plea that complies with Federal Rule of Criminal Procedure 11(a)(2). *United States v. Zabel,* 35 F.4th 493, 501 (6th Cir. 2022). Under Rule 11(a)(2), a conditional guilty plea must be in a writing that reserves the right to appeal the denial of an earlier motion, and the writing must bear the government's consent. *Id*.
>
> Here, there is no writing bearing the government's consent that reserves O'Meara's right to appeal the denial of his suppression motion, and nothing in the record shows that O'Meara otherwise obtained the government's consent to reserve his right to appeal. Thus, O'Meara waived his right to appeal the district court's denial of his suppression motion. *See id.; United States v. Abdulmutallab*, 739 F.3d 891, 904-05 (6th Cir. 2014); *United States v. Mastromatteo*, 538 F.3d 535, 543 (6th Cir. 2008).

---

[4] Specifically, in O'Meara's Appellate Reply Brief, Attorney Weatherly stated as follows: "[]Defendant respectfully asserts that undersigned counsel, Justin M. Weatherly, Esq., mis-advised Defendant regarding the appellate rights that would be waived pursuant to a Guilty plea. Undersigned counsel advised Defendant that entering a Guilty Plea would not waive his right to appeal the denial of his Motion to Suppress. Defendant had been adamant that his constitutional rights had been violated and that the trial court had erred in denying his Motion to Suppress. Defendant agreed to enter a Guilty Plea, upon advice of undersigned counsel, in order to immediately appeal the denial of the Motion to Suppress to this Honorable Court. Defendant's strong desire to appeal the denial of the Motion to Suppress had previously been discussed, not only with undersigned counsel, but also with the Government as evidenced by an email conversation.[] Subsequently, Defendant followed undersigned counsel's advice and entered a Guilty Plea, thinking that his right to appeal the denial of the Motion to Suppress was reserved. However, unbeknownst to Defendant, undersigned counsel failed to adequately preserve Defendant's right to appeal the denial of the Motion to Suppress. Therefore, Defendant entered a Guilty Plea based on the incorrect advice of undersigned counsel. As such, undersigned counsel believes that his mistake in mis-advising Defendant constitutes ineffective assistance of counsel." (*Id.*) Attorney Weatherly confirmed the above during the August 28, 2026 hearing. Indeed, Attorney Weatherly testified that the first time he understood that O'Meara had waived his right to appeal the denial of his suppression motion by entering an open plea, was when Attorney Weatherly read the Government's Motion to Dismiss O'Meara's appeal. Attorney Weatherly stated that he was "devastated" and that this was the "worst day of his professional career."

> O'Meara may still "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards for effective assistance of counsel." *Abdulmutallab*, 739 F.3d at 904 (cleaned up). Counsel admits that he "advised [O'Meara] that entering a Guilty Plea would not waive his right to appeal the denial of his Motion to Suppress[,]" which gives us cause for concern. [] The record, however, is insufficient to address that claim, so it is properly raised in a 28 U.S.C. § 2255 motion to vacate. *See United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012).

(*Id*. at PageID# 572.)

**E. Motion to Vacate and Supplement to Motion to Vacate**

On February 4, 2025, O' Meara filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 61.) The Government filed a Brief in Opposition on April 7, 2025. (Doc. No. 63.)

On May 9, 2025, O'Meara filed a Motion for Appointment of Counsel. (Doc. No. 65.) The Court granted the Motion, appointed Federal Public Defender Jeffrey B. Lazarus as counsel, and directed Attorney Lazarus to file a Supplement in support of O'Meara's *pro se* Motion to Vacate by no later than June 10, 2025. (Non-Doc. Entries dated May 9, 2025.) After receiving an extension of time, O'Meara (through Attorney Lazarus) filed a Supplement on June 24, 2025. (Doc. No. 67.) The Government filed a Response on July 30, 2025. (Doc. Nos. 71, 72.)

The Court conducted a hearing on O'Meara's Motion on August 28, 2026, during which Attorney Weatherly and O'Meara both testified.[5] Attorney Weatherly confirmed that, during

---

[5] A hearing on O'Meara's Motion was originally set for June 4, 2026. On May 7, 2026, O'Meara (through counsel) filed an Unopposed Motion to Continue (Doc. No. 73), which this Court granted on the same date. The hearing was reset for June 25, 2026. However, on June 18, 2026, the United States Marshals notified the Court that a required Form-USA 475 had not been provided by the US Attorney's Office in order to have O'Meara brought back to the Northern District of Ohio. The hearing was then reset for July 10, 2026. On July 7, 2026, the Marshals notified the Court that O'Meara was placed on a medical hold and under quarantine. The hearing was rescheduled again, first to July 29, 2026 and then to August 17, 2026. On August 14, 2026, the Marshals notified the Court that O'Meara would not arrive in this District in time to appear for his hearing. The Court rescheduled the hearing for August 28, 2026.

O'Meara's plea negotiations, he (i.e., Weatherly) did not know what a conditional plea was or that a written plea agreement was necessary to preserve O'Meara's right to appeal the denial of his Motion to Suppress. Attorney Weatherly testified that he mistakenly believed (and advised O'Meara) that O'Meara would not waive his right to appeal the denial of the Motion to Suppress if he entered an open plea.

O'Meara testified that he relied on Attorney Weatherly's advice and that, when he plead guilty, he believed that he had preserved his right to appeal the denial of his Motion to Suppress. O'Meara further testified that, if he had known that he needed to enter into a conditional plea agreement to preserve his right to appeal the denial of his suppression motion, he would have advised Attorney Weatherly to seek a conditional plea on his behalf. O'Meara testified that, if the Government had offered him a conditional plea, he would have accepted it. O'Meara also clearly (and repeatedly) testified that, if the Government had declined to offer him a conditional plea, he would have gone to trial. In other words, O'Meara testified that, if his options had been to either plead open and waive his right to appeal the suppression issue, or go to trial, he would have gone to trial. Lastly, O'Meara testified that, if this Court were to grant the Motion to Vacate, he understood that the Government would not offer him a conditional plea agreement and that he was prepared to go to trial.

## II. Standard of Review

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the

court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

To prevail under § 2255, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). "Relief is warranted only where a petitioner has shown 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

The movant bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. *See McQueen v. United States*, 58 Fed. Appx 73, 76 (6th Cir. 2003); *Whittingham v. United States*, 2025 WL 243963 at * 2 (6th Cir. Jan 2. 2025). Vague and conclusory claims that are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *See, e.g.*, *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961); *United States v. Alqsous*, 2025 WL 896095 at * 4 (N.D. Ohio March 24, 2025).

When a factual dispute arises in a § 2255 proceeding, an evidentiary hearing is required "'to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The burden borne by a § 2255 petitioner to obtain a hearing is not onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citing *Turner*, 183 F.3d at 477). But a petitioner is not entitled to an evidentiary

hearing if he has not alleged any facts that, if true, would entitle him to federal habeas relief. *See McSwain v. Davis*, 287 Fed. Appx 450, 458 (6th Cir. 2008); *Amr v. United States*, 280 Fed. Appx 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that [the petitioner] would be able to prove his allegations" at a hearing). *See also Napier v. United States*, 1993 WL 406795 at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing *Machibroda v. United States*, 368 U.S. 487, 496 (1962)). *See also Valentine*, 488 F.3d at 334 (finding that the burden is met where the petitioner "offers more than a mere assertion of his innocence; he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible.'")

Here, the Court determined that an evidentiary hearing was necessary to determine the validity of O'Meara's claim of ineffective assistance of counsel. As noted above, an evidentiary hearing was conducted on August 28, 2026. O'Meara was present and represented by appointed counsel, Attorney Jeffrey Lazarus. The Government was represented by AUSA Crook. Both Attorney Weatherly and O'Meara testified.

## III. Analysis

In his *pro se* Motion to Vacate, O'Meara argues that he did not knowingly and voluntarily plead guilty to the charges in the Indictment. (Doc. No. 61.) He asserts as follows:

> I have always strongly advocated the fact that I believed my constitutional rights had been violated during the traffic stop that led to my arrest in this case. Upon this Court's denial of the motion to suppress, I informed my counsel of my wish to appeal the decision. At that time, my counsel, attorney Justin Weatherly, informed me that the best course of action was to plead guilty to the indictment and appeal the denial of the motion to suppress after the sentencing.

> Attorney Weatherly's advice was erroneous. He assured me that if I entered a plea of guilty, I would be able to immediately appeal the denial of the motion to suppress. However, once the appeal was filed, it became clear that attorney Weatherly was wrong about the appeal process. He failed to inform me that entering a guilty plea would waive my right to appeal the denial of the motion to suppress. Instead, attorney Weatherly should have informed me that a conditional guilty plea was necessary to preserve such right. Attorney Weatherly's erroneous advice led me to involuntarily and unknowingly waive my right to appeal the denial of the motion to suppress. Attorney Weatherly's representation amounted to ineffective assistance of counsel.

(*Id*. at PageID# 577.) Based on the above, O'Meara asserts that Attorney Weatherly's representation fell below an objective standard of reasonableness. (*Id*.) He maintains that "but for Attorney Weatherly's error, the result of the proceeding would have been different as I would have never pled guilty to the indictment." (*Id*.) O' Meara requests that the Court "vacate the sentence imposed upon me in this case and allow me to appeal the denial of the motion to suppress." (*Id*. at PageID# 578.)

In response, the Government argues that the Court should deny O'Meara's Motion because "the record shows his guilty plea was knowingly and voluntarily made" and O'Meara cannot demonstrate either that Attorney Weatherly was ineffective by advising him to plead guilty or that O'Meara was prejudiced by doing so. (Doc. No. 63 at PageID# 583.) The Government first argues that the record clearly indicates that O'Meara understood that by pleading guilty, his plea would be a complete admission of guilt. (*Id*. at PageID# 587.) The Government insists that it never offered a plea agreement that would have allowed O'Meara to plead guilty on the condition that he would reserve his right to appeal the denial of his Motion to Suppress. (*Id*.) The Government thus maintains that "O'Meara had two choices when the motion to suppress was denied – [1] go to trial and appeal the suppression denial after a jury determined he was guilty or [2] change his plea to guilty and receive the benefit of acceptance of responsibility at sentencing." (*Id*.) Citing the Court's extensive plea colloquy, the Government argues that "the record at O'Meara's change of plea supports the argument

that he had knowingly and voluntarily made the decision to plead guilty with the risks and waivers of rights that come with a guilty plea." (*Id*. at PageID#s 587, 590-591.)

The Government next asserts that, even if Attorney Weatherly's representation "is deemed to fall below the standard of legal scrutiny, there is no evidence suggesting that O'Meara's decision to plead guilty was prejudicial to the outcome of the case." (*Id*. at PageID# 592.) The Government maintains that there is "no grounds for appeal" of this Court's decision denying O'Meara's Motion to Suppress. (*Id*.) Moreover, the Government asserts that " O'Meara does not establish that pursuing litigation would have guaranteed a favorable outcome; he merely states that the case would have gone to trial," which the Government contends "is not considered when evaluating claims of prejudice" under *Strickland v. Washington*, 466 U.S. 668 (1984). (*Id*.)

In the Supplement filed by Attorney Lazarus, O'Meara responds by asserting that "this Court should vacate his conviction and sentence so he can negotiate a conditional plea, which properly preserves his right to appeal the denial of his motion to suppress." (Doc. No. 67 at PageID#s 601, 607.) He maintains that "[b]ecause Attorney Weatherly improperly advised [him] to enter a guilty plea without a conditional plea, his counsel acted unreasonably and fell beneath the standards of competent representation." (*Id.* at PageID#s 601, 608-613.) O'Meara further asserts that he was prejudiced because "the erroneous legal advice prevented the Sixth Circuit Court of Appeals from considering the merits of Mr. O'Meara's appeal." (*Id*. at PageID#s 601, 613-615.) O'Meara argues that "[b]ut for Attorney Weatherly's erroneous legal advice, [he] would have secured a conditional plea, pursuant to Federal Criminal Rule 11(a)(2), with the government, and properly preserved his appellate rights." (*Id*. at PageID#s 601, 607, 614.)

O'Meara supports his Supplement with an Affidavit from Attorney Weatherly. (Doc. No. 67-1.) Therein, Attorney Weatherly avers (in relevant part) as follows:

> Following the denial of the motion to suppress, I conferred with Mr. O'Meara about his legal options. Mr. O'Meara was insistent that he wanted to appeal the denial of the motion to suppress. A record of this desire is preserved in e-mail communication between myself and the AUSA assigned to the case wherein I advise the Government of Mr. O'Meara's intention to appeal. I advised Mr. O'Meara that if he pled guilty to the charges, he would still retain the ability to appeal the denial of the motion to suppress to the Sixth Circuit following his sentencing. I know now that this advice was wrong. I did not advise Mr. O'Meara to seek a conditional plea, under Rule 11(a)(2), and was unaware of that provision when providing legal advice to Mr. O'Meara. Relying on my legal advice, on August 17, 2023, Mr. O'Meara entered a guilty plea to the indictment without any written plea agreement or any conditional plea. At the time of his plea, Mr. O'Meara believed he would be able to appeal the denial of his motion to suppress.

(*Id*. at PageID# 617.) Attorney Weatherly further avers that, had he not provided O'Meara with this erroneous advice, O'Meara "would have sought to enter a conditional plea and been able to appeal the denial of the motion to suppress." (*Id*. at PageID# 618.)

In reply, the Government argues O'Meara's Motion should be denied because the United States told Attorney Weatherly in an email dated August 2, 2023, that "the Government would not offer him a conditional plea and he had the option of either pleading guilty without a plea agreement or proceeding to trial." (Doc. No. 72 at PageID# 629) (citing Doc. No. 71-1 at PageID# 625.) The Government asserts that, two days later, O'Meara nonetheless filed a notice of intent to plead guilty without a plea agreement and subsequently plead guilty. (*Id*.) The Government further asserts that, even if Attorney Weatherly's representation was deficient, O'Meara cannot demonstrate prejudice because the record is clear that the Government did not offer a conditional plea that would have allowed him to reserve the right to appeal the denial of his Motion to Suppress. (*Id.* at PageID#s 630,

631.) *See also id.* at PageID# 633 ("The Government never contemplated or desired to agree to a conditional plea in this case.")

Emphasizing that Fed. R. Crim. P. 11(a)(2) provides that the consent of both the Court and the Government is required for a conditional guilty plea, the Government argues that "there is no presumption of prejudice here because [O'Meara] has no right to a conditional plea and has not established sufficient facts that would show a conditional plea would have been secured." (*Id*. at PageID# 633.) The Government asserts that O'Meara does not state in either his Motion or his Supplement that "he was prepared to proceed to trial if 1) his attorney had acknowledged the [August 2, 2023] email from [AUSA Crook] indicating his only choice was trial or 2) the Court would even agree to the conditional plea." (*Id*. at PageID# 634.) Thus, the Government contends that "[t]he facts in the record show [that] O'Meara made a knowing and voluntary decision to plead rather than risk being convicted at trial and risk a much higher sentence due to his criminal history." (*Id*.) Lastly, the Government states that it "does not consent to a conditional plea and if defendant's motion to vacate is granted, would request this Court to set a trial date that works for both parties and witnesses required to be present at trial." (*Id*. at fn 5.)

As noted *supra,* during the August 28, 2026 hearing, O'Meara expressly testified that, if the Government had declined to offer a conditional plea during plea negotiations, he would have gone to trial. In other words, O'Meara testified that, if he had understood that his options had been to either plead open and waive his right to appeal the suppression issue, or go to trial, he would have gone to trial. O'Meara also testified that, if this Court were to grant his Motion to Vacate, he understood that the Government would not offer him a conditional plea agreement. O'Meara confirmed that, if the Court were to grant his Motion to Vacate, he would be prepared to go to trial.

Claims of ineffective assistance of counsel are appropriately raised in a Section 2255 motion, and a petitioner "must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The well-established federal law used for assessing ineffective assistance of counsel claims is the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* imposes a two-prong test for determining whether counsel was constitutionally ineffective. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).

Under the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. In other words, a court assessing an ineffective assistance claim must "determine whether, in light of all the circumstances, the [challenged] acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690. When making this assessment, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Under the second prong, the defendant must show that his counsel's error prejudiced him. *Id*. at 691-92. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

In *Hill v. Lockhart*, 474 U.S. 52, 57 (1985), the Supreme Court "held that the *Strickland* standard extends generally to the plea process." The Court explained that, in the plea context, a movant can establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*,

474 U.S. at 59. In addition, in later decisions, the Supreme Court has further explained that, in the plea context, prejudice can be shown where a movant demonstrates "that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time," *Missouri v. Frye*, 566 U.S. 134, 147 (2012), or "that counsel's deficient performance infected his decision-making process, and thus undermines confidence in the outcome of the plea process," *Rodriguez-Penton v. United States*, 905 F.3d 481, 488 (6th Cir. 2018) (citing *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)). *See Pettway v. United States*, 2021 WL 5288990 at * 2 (6th Cir. April 8, 2021).

The Court will address *Strickland*'s deficient performance and prejudice prongs separately, below.

**A. Deficient Performance**

The Court first finds that *Strickland*'s first prong is satisfied because O'Meara has shown that Attorney Weatherly's counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. As set forth *supra,* Attorney Weatherly has submitted an Affidavit in support of O'Meara's Motion to Vacate, in which he avers that (1) O'Meara advised him that he wanted to appeal the denial of his Motion to Suppress;[6] and (2) Attorney Weatherly advised O'Meara that, if he pled guilty to the charges, he would still retain the ability to appeal the denial of the Motion to Suppress to the Sixth Circuit. (Doc. No. 67-1, Doc. No. 67-2.) Likewise, during the August 28, 2026 hearing, Attorney Weatherly testified that, during O'Meara's plea negotiations, he (i.e.,

---

[6] O'Meara's desire to appeal the suppression ruling is further demonstrated by Attorney Weatherly's June 30, 2023 email to AUSA Crook. (Doc. No. 67-2 at PageID# 619.) In that email, Attorney Weatherly invites the Government to "send over [its] best [plea] offer" but specifically requests that it "include the fact that [O'Meara] is not waiving his right to appeal the judge's denial of the motion to suppress." (*Id.*)

Weatherly) did not know what a conditional plea was or that a written plea agreement was necessary to preserve O'Meara's right to appeal the denial of his Motion to Suppress. Attorney Weatherly testified that he believed (and advised O'Meara) that O'Meara would not waive his right to appeal the denial of the Motion to Suppress if he entered an open plea.

It is undisputed that Attorney Weatherly was mistaken. "It is elemental that a guilty pleading defendant may not appeal an adverse pre-plea suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with [Federal Rule of Criminal Procedure] 11(a)(2)."[7] *United States v. Herrera*, 265 F.3d 349, 352 (6th Cir. 2001). *See also United Sates v. Zabel*, 35 F.4th 493, 501 (6th Cir. 2022). Moreover, the Sixth Circuit has "strictly construed Rule 11(a)(2)'s requirement "that a conditional guilty plea must be in a writing that reserves the right to appeal an earlier advance ruling on a pretrial motion and the writing must bear the government's consent." *Herrera*, 265 F.3d at 352.

Here, Attorney Weatherly avers that he "did not advise Mr. O'Meara to seek a conditional plea, under Rule 11(a)(2), and was unaware of the provision when providing legal advice to Mr. O'Meara."[8] (Doc. No. 67-1 at PageID# 617.) Attorney Weatherly further avers that O'Meara

---

[7] Federal Rule of Criminal Procedure 11(a)(2) provides that: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty or *nolo contendere*, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion. A defendant who prevails on appeal may then withdraw the plea." Fed. R. Crim. P. 11(a)(2).

[8] The Government counters that Attorney Weatherly was "aware that he could not preserve his right to appeal because the United States raised the issue and gave Defendant the option of either pleading open or going to trial." (Doc No. 72 at PageID# 631.) It is true that, on August 2, 2023 (i.e., prior to O'Meara's Notice of Intent to Plead), AUSA Crook emailed Attorney Weatherly and advised him that "I also think [O'Meara] won't be able to appeal the suppression issue if he pleads open." (Doc. No. 71-1 at PageID# 625.) AUSA Crook further suggested that O'Meara's options were to either "plead open" or go to trial. (*Id.*) During the August 28, 2026 hearing, Attorney Weatherly testified that, while he did receive this email from AUSA Crook, he did not remember reading this particular sentence or understanding the significance of what AUSA Crook wrote. Regardless, Attorney Weatherly's representation fell below an objective standard of reasonableness because he expressly avers (and testified) that he advised O'Meara that he would not waive

"entered a guilty plea to the indictment without a written plea agreement or any conditional plea" and that, at the time of his plea, O'Meara was under the mistaken belief that "he would be able to appeal the denial of his motion to suppress." (*Id.*) Attorney Weatherly also confirmed these averments during the August 28, 2026 hearing.

Based on the above, the Court finds that O'Meara has demonstrated that Attorney Weatherly's representation was objectively unreasonable because he provided erroneous legal advice to O'Meara on an issue that was material to O'Meara's decision to plead guilty. Accordingly, the Court finds that the first prong of *Strickland* is satisfied. *See, e.g., Rodriguez-Penton*, 905 F.3d at 486-487 (finding first prong of *Strickland* satisfied where counsel erroneously advised defendant that he would not be deported if he plead guilty); *Swain v. United States*, 155 Fed. Appx. 827, 831 (6th Cir. 2005) ("By proffering material but erroneous legal advice, counsel performed below the constitutional guarantee."); *Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003) (where counsel erroneously advised defendant that his guilty plea would not preclude him from appealing suppression ruling, finding that "such advice certainly falls below an 'objective standard of reasonableness' and cannot possibly be considered 'sound trial strategy.'"). *See also Hill*, 474 U.S. at 62 (White, J., concurring) ("The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis.")

**B. Prejudice**

The question, then, is whether O'Meara has sufficiently demonstrated that he was prejudiced by Attorney Weatherly's deficient representation. As set forth *supra*, in the plea context, a movant

---

the right to appeal this Court's suppression ruling if he plead open. And O'Meara testified that Attorney Weatherly's incorrect advice was material to his decision to accept the open plea.

can establish prejudice by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill*, 474 U.S. at 59; "that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time," *Missouri*, 566 U.S. at 147, or "that counsel's deficient performance infected his decision-making process, and thus undermines confidence in the outcome of the plea process," *Rodriguez-Penton*, 905 F.3d at 488 (citing *Lee*, 137 S. Ct. at 1967). *See Pettway*, 2021 WL 5288990 at * 2.

For the following reasons, the Court finds that O'Meara has demonstrated that he was prejudiced by Attorney Weatherly's deficient representation. Specifically, the Court finds that O'Meara has demonstrated that there is a reasonable probability that, but for Attorney Weatherly's erroneous advice, he "would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59. As discussed *supra*, during the August 28, 2026 hearing, O'Meara repeatedly testified that, but for Attorney Weatherly's erroneous advice, he would have rejected the "open plea" and insisted on going to trial. Moreover, the undersigned expressly asked O'Meara if he understood that, if this Court were to grant his Motion to Vacate, the Government would not offer him a conditional plea and that his only option would be to go to trial. O'Meara testified that he understood and confirmed that he was prepared to go to trial, even though it might result in a lengthier sentence were he to be found guilty. In light of the above, the Court finds that O'Meara has satisfied the requirement set forth in *Hill* of showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Accordingly, and for all the reasons set forth above, the Court finds that O'Meara has demonstrated that he was prejudiced by Attorney Weatherly's deficient representation. O'Meara has

therefore demonstrated that he was provided with ineffective assistance of counsel under *Strickland* and *Hill.*

## IV. Conclusion

Accordingly, and for all the reasons set forth above, Defendant-Petitioner Patrick O'Meara's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 61) is GRANTED. The Court hereby VACATES O'Meara's conviction and sentence entered November 29, 2023. (Doc. No. 45.) The Court will set Final Pretrial and Trial dates via separate Order.

**IT IS SO ORDERED.**

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE

Date: August 31, 2026